1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JESS RICO MARTINEZ,                    Case No. 1:25-cv-01214-CDB (HC)

12                  Petitioner,             FINDINGS AND RECOMMENDATIONS TO
                                            DISMISS PETITION FOR LACK OF
13          v.                              JURISDICTION OR, ALTERNATIVELY, AS
                                            UNTIMELY
14   PEOPLE FOR THE STATE OF
     CALIFORNIA,                            (Doc. 1)
15
                    Respondent.             **OBJECTIONS DUE WITHIN 14 DAYS**
16
                                            Clerk of the Court to Assign District Judge
17

18

19          Petitioner Jess Rico Martinez ("Petitioner"), a state prisoner, proceeds pro se and *in forma*

20   *pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1).

21   Because the petition is successive, the undersigned recommends that the petition be dismissed for

22   lack of jurisdiction.  Alternatively, the undersigned recommends that the petition be dismissed as

23   untimely.

24   **Relevant Background**

25          Petitioner is currently serving a term of 40 years to life in prison following his 2006

26   conviction for second degree robbery.  (Doc. 1 at 1).  On appeal, Petitioner challenged the trial

27   court's imposition of certain sentencing enhancements, and the Fifth Appellate District Court of

28   Appeal reduced his original sentence, but otherwise affirmed Petitioner's conviction.  *People v.*

1    *Martinez*, No. F051549, 2008 WL 444523, at *1-2 (Cal. Ct. App. Feb. 20, 2008).

2        On April 27, 2009, Petitioner filed a federal habeas petition challenging his convictions in

3    this District.  *See Martinez v. McDonald*, No. 1:09-cv-00945-OWW-SMS.  The district judge

4    ultimately adopted the magistrate judge's recommendation that the petition be denied.  *See id.* at

5    Docs. 30, 33.

6        Petitioner filed the instant petition on September 3, 2025.[1]  (Doc. 1 at 6).

7    **Preliminary Screening**

8        Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") requires the Court to

9    conduct a preliminary review of each petition for writ of habeas corpus.  *Pro se* habeas petitions

10   are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the

11   Court must dismiss a petition "[i]f it plainly appears from the petition … that the petitioner is not

12   entitled to relief."  Habeas Rule 4.  Habeas Rule 2(c) requires that a petition 1) specify all grounds

13   for relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the

14   relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to

15   a real possibility of a constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas

16   Corpus Rule 2(c) is more demanding.").  Allegations in a petition that are vague, conclusory, or

17   palpably incredible are subject to summary dismissal.  *Hendricks v. Vasquez*, 908 F.2d 490, 491

18   (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend

19   unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.

20   *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

21   **Second or Successive Petition**

22       As indicated above, Petitioner previously filed a federal habeas petition challenging the

23   same underlying convictions as the instant petition.  Pursuant to 28 U.S.C. § 2244(b)(1), "[a]

24   claim presented in a second or successive habeas corpus application under section 2254 that was

25   presented in a prior application shall be dismissed."  Where the claim was not present in a prior

26   application, it shall be dismissed unless (1) "the applicant shows that the claim relies on a new

27

28   _____

[1] The Court applies the mailbox rule and deems the Petition filed on the date Petitioner delivered it to the prison authorities for mailing to the Court.  *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). However, before filing a second or successive petition, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In the instant petition, Petitioner appears to allege claims of prosecutorial misconduct and ineffective assistance of counsel based on the alleged use of prior false convictions to support sentencing enhancements. (*See* Doc. 1 at 3). For Petitioner to be able to proceed on his petition, he must establish that the factual predicate for these claims accrued after he filed his initial petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("Nor is a petition second or successive if the factual predicate for the claim accrued only after the time of the initial petition."). However, Petitioner fails to present any reason why these claims—which necessarily are based on facts at trial and therefore accrued well before his previous habeas petition was filed—could not have been presented in his initial petition. To the extent Petitioner's citation to California Penal Code § 745 can be interpreted as an argument that he is bringing his petition pursuant to a new rule of law, this state statute does not equate to a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). Thus, the current petition is an unauthorized successive petition, and this "court lacks jurisdiction and must dismiss the petition." *Brown*, 889 F.3d at 667.

**Untimely Petition**

Even if the petition is not an unauthorized successive petition, it is untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to petitions seeking habeas relief under § 2254. 28 U.S.C. § 2244(d)(1). Generally, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A).

1    Statutory tolling applies to the "time during which a properly filed application for State post-

2    conviction or other collateral review with respect to the pertinent judgment or claim is pending."

3    42 U.S.C. § 2244(d)(2).  In limited circumstances, a petitioner is entitled to delayed

4    commencement of the limitations period.  42 U.S.C. § 2244(d)(1)(B)-(D).  Additionally, equitable

5    tolling may be granted to a petitioner under limited circumstances if he shows that (1) he has been

6    pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and

7    prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  A court may *sua sponte*

8    raise the timeliness of the petition but should only dismiss after allowing the petitioner adequate

9    notice and an opportunity to respond.  *Day v. McDonough*, 547 U.S. 198, 210 (2006) (holding

10   that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a

11   state prisoner's habeas petition" but "before acting on its own initiative, … must accord the

12   parties fair notice and an opportunity to present their positions").

13        Here, Petitioner filed the instant petition on September 3, 2025, indicating his conviction

14   was affirmed on direct appeal on August 25, 2017, and he did not seek review by the California

15   Supreme Court.  (Doc. 1 at 5-6).  The Court notes, however, that Petitioner's direct appeal was

16   actually decided on February 20, 2008.  *See Martinez*, 2008 WL 444523, at *1.  However, even

17   using Petitioner's incorrect date of August 25, 2017, his conviction would have become final ten

18   days later on September 4, 2017, when the time to file a petition for review in the California

19   Supreme Court expired.  *See* Cal. R. Ct. 8.500(e)(1).  The one-year statute of limitations to file a

20   federal petition would begin to run the next day, such that it would expire on September 4, 2018.

21   *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner does not identify any

22   subsequent proceedings that would toll the limitations period or facts to establish why the Court

23   should apply equitable tolling.  Thus, because even under Petitioner's incorrect date the statute of

24   limitations expired approximately seven years before the instant petition was filed, it is untimely.

25   **Conclusion and Recommendation**

26        Accordingly, the Clerk of Court is DIRECTED to randomly assign a district judge.

27        Additionally, for the foregoing reasons, it is HEREBY RECOMMENDED that the

28   petition for writ of habeas corpus be dismissed for lack of jurisdiction or, alternatively, as

4

1   untimely.

2          These findings and recommendations will be submitted to the United States District Judge

3   assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

4   Practice for the United States District Court, Eastern District of California.  Within 14 days of

5   service, any party may file written objections to these findings and recommendations with the

6   Court and serve a copy on all parties.  Such a document should be captioned "Objections to

7   Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without

8   leave of Court and good cause shown.  The Court will not consider exhibits attached to the

9   Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the

10  exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

11  reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be

12  disregarded by the District Judge when reviewing the Findings and Recommendations under 28

13  U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to

14  appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)

15  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

16  IT IS SO ORDERED.

17      Dated:   __**September 17, 2025**__                     _____

18                                                              UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28